[No. 4,080.]

## ESTATE OF CHARLES BEVERSON, DECEASED.

FACTS WHICH DO NOT CONSTITUTE A MARRIAGE.—Where a man and woman cohabit together, and he promises to marry her, and a child is born to them, but she afterwards leaves him because he does not permit the marriage ceremony to be performed, and lives with another man, the facts do not constitute a marriage.

APPEAL from the Probate Court of the City and County of San Francisco.

The appellant, claiming to be the widow of the decedent, and calling herself Tilly Beverson, objected to the allowance of the final accounts of Christopher Beverson, the administrator, alleging, that she and her infant child, Orin, were entitled each to one half of the estate, as heirs of the decedent.

At the hearing of the claim, it appeared, that in 1862 the claimant was married to one Platt in New York; that in 1865 she came to San Francisco—her husband having preceded her about a year—and though she saw Platt occasionally she did not live with him; that in 1867 she became clandestinely intimate with the decedent, under a promise of marriage; that after several months of such acquaintance the decedent went to Europe, and the claimant shortly afterwards intermarried with one Spencer, thinking Platt was dead; and in 1869 the decedent returned, and, visiting the claimant, informed her that Platt was alive, whereupon she left Spencer, and, in October, 1869, obtained a divorce from Platt at the instance of decedent, who paid the expenses; that pending the proceedings for divorce she lived with decedent, purchasing furniture as Mrs. Beverson, for which he paid, and in February, 1870, bore the child Orin, whom the decedent recognized as his child; that decedent spoke of his intention to marry the claimant in the presence of others; that soon after the child was born she left him, as she testified, "because he did not marry me as he had promised; I thought I was not his wife, because there was no ceremony said before priest, preacher or Justice of the

Peace." It also appeared, that after leaving the decedent she returned to Spencer, and lived with him until he died, when she claimed to be his widow and obtained aid as such from the Masons. The Court *held:* that there was no marriage between the claimant and the decedent and dismissed the claim, and made an order prohibiting the claimant from interfering in the affairs of the estate. She appealed from the order.

*J. B. Hart,* for Appellant, argued that the relation of the parties was equivalent to a marriage.

*Bartlett & Pratt,* contra, cited *Chenery* v. *Arnold,* 15 N. Y. 345; *Milford* v. *Worcester,* 7 Mass. 48; *Duncan* v. *Duncan,* 10 Ohio, 181; *Letters* v. *Cady,* 10 Cal. 533.

By the COURT:

We agree with the Court below, that on the facts disclosed by the bill of exceptions the connection between Tilly Beverson and the deceased was meretricious, and that there was no proof whatever of any marriage between them.
Order affirmed—remittitur forthwith.